Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM *

Todd Glassey appeals pro se from the district court's judgment in favor of defendants in his action alleging bankruptcy fraud and various state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a dismissal under Federal Rule of Civil Procedure 41(b), *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992), and review de novo a grant of summary judgment, *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by dismissing Glassey's claim against the National Institute of Standards and Technologies for return of property because Glassey failed to amend the operative complaint or indicate that he would not do so after the district court provided him with two opportunities to amend and advised him that judgment would be entered if he failed to amend by the deadline. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir.2004); *see also Ferdik*, 963 F.2d at 1260–63 (addressing factors to consider in determining whether a district court abuses its discretion by dismissing an action under Rule 41(b)).

The district court properly granted summary judgment to Amano Corporation under the doctrine of res judicata because the undisputed evidence establishes that Glassey's claims against Amano involve the same cause of action that was arbitrated between these parties, and the arbitration was confirmed in a final judgment on the merits. *See Intri–Plex Techs., Inc. v.*

---

* This disposition is not appropriate for publication and is not precedent except as provided

*Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir 2007) (applying state law to determine the preclusive effect of a state court judgment); *Thibodeau v. Crum*, 4 Cal.App.4th 749, 6 Cal.Rptr.2d 27, 29–30 (1992) (explaining that res judicata prohibits litigation between parties of "all matters within the scope of [a previous] arbitration, related to the subject matter, and relevant to the issues").

The district court properly granted summary judgment to Jay Goldberg, Hudson Venture Partners, LP, and Mark Williams because the undisputed evidence establishes that Glassey's claims are barred by the release in the parties' settlement agreement. *See Marder v. Lopez*, 450 F.3d 445, 449–50 (9th Cir.2006) (analyzing release governed by California law).

We do not consider Glassey's arguments raised for the first time on appeal. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir.1998).

Glassey's remaining contentions are unpersuasive.

**AFFIRMED.**

**Lazaro RODRIGUEZ–ALVARADO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72023.

United States Court of Appeals, Ninth Circuit.

by 9th Cir. R. 36–3.

Submitted July 1, 2008.*

Filed July 10, 2008.

Sung Uk Park, Esq., Law Offices of Sung U. Park, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, U.S. Department of Justice Civil Division, Lindsay L. Chichester, U.S. Dept of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Lazaro Rodriguez–Alvarado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

We are not persuaded that the qualifying relative requirement for cancellation of removal violates equal protection. *See*

*Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) ("[L]ine-drawing decisions made by Congress or the President in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose." (internal quotation marks and citation omitted)).

Rodriguez–Alvarado contends that the IJ violated due process by denying a continuance. Contrary to his contention, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Rodriguez–Alvarado failed to demonstrate that the absence of additional evidence may have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

We lack jurisdiction to review Rodriguez–Alvarado's contention that the IJ deprived him of a full and fair hearing by failing to accept medical documentation and denying his witnesses an opportunity to testify because he failed to raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (due process challenges that are "procedural in nature" must be exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.